IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| CASTLIGHT HEALTH, INC., BRYAN ROBERTS, ED PARK, DAVID B. SINGER, MICHAEL EBERHARD, DAVID EBERSMAN, KENNY VAN ZANT, SETH COHEN, JUDITH K. VERHAVE, and MAEVE O'MEARA, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On January 4, 2022, Castlight Health, Inc. ("Castlight" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Vera Whole Health, Inc. ("Parent") and Carbon Merger Sub, Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Castlight's outstanding common stock for $2.05 in cash per share. The Tender Offer is set to expire on February 17, 2022.

3. On January 19, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Castlight common stock. Plaintiff resides in this District.

9. Defendant Castlight is a Delaware corporation. Castlight's common stock is traded on the New York Stock Exchange under the ticker symbol "CSLT."

10. Defendant Bryan Roberts is Co-Founder and Chairman of the Board of Directors of Castlight (the "Board").

11. Defendant Ed Park is a member of the Board.

12. Defendant David B. Singer is a member of the Board.

13. Defendant Michael Eberhard is a member of the Board.

14. Defendant David Ebersman is a member of the Board.

15. Defendant Kenny Van Zant is a member of the Board.

16. Defendant Seth Cohen is a member of the Board.

17. Defendant Judith K. Verhave is a member of the Board.

18. Defendant Maeve O'Mara is Chief Executive Officer and a director of the Company.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Castlight is a leader in healthcare navigation, providing a world-class digital platform with a team of clinical and benefits experts to help members easily connect and engage with the programs and care.

21. On January 4, 2022, Castlight entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Castlight Health, Inc. ("Castlight") (NYSE: CSLT), a leading healthcare data and navigation company, and Vera Whole Health, Inc. ("Vera"), a pioneer in advanced primary care, today jointly announced an agreement under which the companies will combine. The combined company will integrate Castlight's market-leading technology with Vera's purpose-built clinics, health care professionals and strategic partnerships with local providers, with the potential to transform how patients access and engage with care, how providers deliver care, and how employers and other purchasers pay for care.

The transaction, which has been unanimously approved by Castlight's Board of Directors, is valued at an equity value of approximately $370 million and will be structured as an all cash tender offer to acquire all outstanding shares of Castlight. Under the terms of the agreement, Vera will commence a tender offer to acquire all outstanding shares of Castlight Class A common stock and Class B common stock for $2.05 in cash per share, representing a 25% premium to the closing price as of

January 4th, 2022, and a 35% premium to the 30-day volume weighted average share price. Clayton, Dubilier & Rice ("CD&R") funds, Vera's majority equity holder, have committed to invest up to $338 million to support the combination, and Anthem, Inc. ("Anthem"), a leading health company and long-time strategic customer of Castlight, will make an investment in the combined company.

"We believe the combined company has a unique opportunity to deliver large scale innovation to the commercial customer segment and accelerate the restructuring of the healthcare market to a stronger focus on value," said Ron Williams, Chairman of Vera, and Operating Advisor to CD&R funds.

"Integrating our navigation data and technology with Vera's high quality primary care offering addresses the fundamental need for a coordinated and personalized patient experience, while enabling providers to improve outcomes and lower costs and employers to participate in full risk sharing for the first time," said Maeve O'Meara, Chief Executive Officer of Castlight. "We are thrilled to work with Vera and CD&R to open this new frontier of healthcare."

"Equipping our advanced primary care teams and our patients with Castlight's industry leading digital navigation and engagement capabilities enhances our ability to reduce total cost of care while improving the social, mental and physical health of our patients," said Ryan Schmid, Founder and Chief Executive Officer of Vera. "Personalizing care plans and engagement campaigns while providing our care teams and patients with quality and cost data will greatly enhance the patient journey and our ability to manage commercial populations."

"We believe this is a milestone for the healthcare system because of the way it merges benefits and care navigation, including digital touchpoints, into a patient's primary care relationship," said Ravi Sachdev, CD&R Partner, and member of Vera's Board of Directors. "We believe a combination of these two innovative companies will transform care in local markets across the country."

Bryony Winn, President of Anthem Health Solutions added, "We are excited at the potential of this unique combination to deliver a differentiated primary care experience by bringing a value-based care model to the commercial healthcare market."

Anthem joins Morgan Health, the JP Morgan Chase & Co business focused on the transformation of employee healthcare, and Central Ohio Primary Care, the largest independent physician owned primary care group in the country, as key strategic partners in the combined company. CD&R's initial investment in Vera was made in early 2021 and followed a series of investments in companies focusing on value-based care, including agilon health, Millennium Physician Group, and naviHealth.

The transaction is subject to regulatory approval, the tender of a majority of Castlight's outstanding shares of common stock, and other customary closing conditions. Upon completion of the transaction, Castlight will become a privately

held company and shares of Castlight's Class B common stock will no longer be listed on any public market. The parties anticipate that the combination will be completed in the first quarter of 2022.

William Blair is serving as exclusive financial advisor to Castlight, and Fenwick & West LLP is serving as legal advisor. Kirkland & Ellis LLP is serving as legal advisor to Vera.

23. On January 19, 2022, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

24. The Recommendation Statement fails to disclose material information regarding Castlight's financial projections, specifically: (i) the line items underlying the financial projections; and (ii) projected free cash flows and all underlying line items.

Financial Analyses

25. The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by William Blair.

26. Regarding William Blair's Selected Public Companies Analysis, the Recommendation Statement fails to disclose the individual multiples for the companies utilized by William Blair.

27. Regarding William Blair's Selected Precedent Transactions Analysis, the Recommendation Statement fails to disclose the individual multiples for the transactions utilized by William Blair.

28. Regarding William Blair's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) projected free cash flows; (ii) the line items underlying the projected free cash flows; (iii) the terminal values utilized by William Blair; (iv) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by William Blair; (v) the net cash utilized by William Blair; and (vi) the diluted shares outstanding utilized by William Blair.

29. Regarding William Blair's M&A Premiums Paid Analysis, the Recommendation Statement fails to disclose: (i) the transactions utilized by William Blair; and (ii) the premia paid in the transactions utilized by William Blair.

Potential Conflicts of Interest

30. The Recommendation Statement states that:

> Within the past two years, William Blair served as financial advisor to Vera in connection with the sale of Vera to an affiliate of CD&R, for which William Blair received a fee of approximately $3.1 million. In addition, William Blair has from time to time acted as a member of the underwriting syndicate for public offerings by certain affiliates of CD&R for which William Blair has received customary compensation.

31. However, the Recommendation Statement fails to disclose: (i) that William Blair was acting as Vera's financial advisor at the same time it was acting as the Company's financial advisor; (ii) that William Blair was acting as financial advisor to CD&R at the same time it was acting as the Company's financial advisor in connection with CD&R's acquisition of Cloudera, Inc. ("Cloudera"); (iii) the fees received by William Blair from CD&R for acting as CD&R's financial advisor in connection with its acquisition of Cloudera, and acting as a member of the underwriting syndicate for public offerings by certain affiliates of CD&R; and (iv) when William Blair informed the Individual Defendants of such potential conflicts of interest.

32. Additionally, the Recommendation Statement fails to disclose the timing and details of all discussions regarding post-Proposed Merger employment and benefits.

<strong>COUNT I</strong>

<strong>Claim Against Defendants for Violation of Section 14(e) of the Exchange Act</strong>

33. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34. Section 14(e) of the Exchange Act states:

6

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

35. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

36. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

37. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

38. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

39. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

40. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

41. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

42. Accordingly, defendants violated Section 14(e) of the Exchange Act.

43. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

44.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

45.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

46.     Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

47.     Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

48.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

49.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

50.     The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of

the Tender Offer.

51. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

52. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

53. The Individual Defendants acted as controlling persons of Castlight within the meaning of Section 20(a) of the Exchange Act as alleged herein.

54. Due to their positions as directors of Castlight and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

57. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

58. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

59. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

60. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

61. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for

attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  February 1, 2022       **GRABAR LAW OFFICE**

              By: _____
              Joshua H. Grabar (#82525)
              One Liberty Place
              1650 Market Street, Suite 3600
              Philadelphia, PA 19103
              267-507-6085
              jgrabar@grabarlaw.com

              *Counsel for Plaintiff*